# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEYNA LEONARD, as the surviving daughter of decedent Arlen Dority, et al., ) ) ) Plaintiffs, ) ) v. ) ) HGM PARK MANOR OF SALINA, LLC ) d/b/a Smoky Hill Rehabilitation Center, et al., ) ) Defendants. ) ) | CIVIL ACTION No. 22-2267-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Defendants' Motion To Designate Wichita As Place Of Trial</u> (Doc. #107) filed November 8, 2023. For reasons stated below, the Court overrules defendants' motion.

## Legal Standard

Under District of Kansas Local Rule 40.2(e), the Court is not bound by requests for place of trial but may, upon motion or in its discretion, determine the place of trial. In considering motions for intra-district transfer, the courts of this district have generally looked to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[1] See <u>Aramburu v. Boeing Co.</u>, 896 F. Supp. 1063, 1064 (D. Kan. 1995).

In evaluating a transfer under Section 1404(a), the Court considers (1) plaintiff's choice of forum, (2) the convenience of witnesses, (3) the accessibility of witnesses and other sources of

---

[1] Under 28 U.S.C. § 1404, "in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." The Court recognizes that the statute does not apply because Kansas comprises only one judicial district and division. The statute provides, however, that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c).

proof, (4) the relative advantages and obstacles to a fair trial and (5) "all other considerations of a practical nature that make a trial easy, expeditious and economical." Hartwick v. Lodge 70 Int'l, No. 99-4139-SAC, 2000 WL 970670, at *1 (D. Kan. June 16, 2000) (citing Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515–16 (10th Cir. 1991)).  Unless the balance is strongly in favor of the movant, the Court should rarely disturb plaintiff's choice of forum. Id. (citing Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992)).  Furthermore, except for the most compelling reasons, courts of this district generally do not transfer cases between cities. Bauer v. City of De Soto, Kansas, No. 04-4027-JAR, 2004 WL 2580790, at *1 (D. Kan. Nov. 3, 2004).  The moving party bears the burden of proving that the existing forum is inconvenient. Id.

**Background**

Keyna Leonard resides in Wakefield, Kansas.  She is the surviving daughter of Arlen Dority and administrator of his estate.  Smoky Hill Rehabilitation Center, the skilled nursing facility where Dority resided and the place where he sustained the injury giving rise to this case, is located in Salina, Kansas.  Dority's subsequent death occurred in Salina.

Plaintiffs designated Kansas City, Kansas as the place of trial.  See Designation Of Place Of Trial (Doc. #2) filed July 9, 2022.  Defendants counter-designated Wichita, Kansas as the place of trial.  See Answer Of Defendants (Doc. #19) filed October 31, 2022 at 7.  Defendants now request that the Court determine Wichita as the place of trial.

**Analysis**

Defendants argue that the Court should transfer this matter to Wichita because (1) the events giving rise to this litigation occurred in Salina, (2) the majority of witnesses and documents are located in Salina and (3) Leonard does not reside in Kansas City.  Salina is approximately 173 miles from Kansas City and approximately 90 miles from Wichita.  See Memorandum In Support

Of Defendants' Motion To Designate Wichita As Place Of Trial (Doc. #107-1) filed November 8, 2023 at 2. Plaintiff responds that the approximately 83-mile difference does not establish Kansas City as an inconvenient forum.

## I. Plaintiff's Choice Of Forum

Plaintiff's choice of forum is generally entitled to great deference. Scheidt, 956 F.2d at 965. Where plaintiff's choice of forum is not her residence, however, that consideration receives much less weight. Dawson v. Spirit Aerosystems, Inc., No. 08-2494-KHV, 2009 WL 215349, at *2 (D. Kan. Jan. 29, 2009). Defendants argue that because plaintiff does not reside in Kansas City, but rather in Wakefield—approximately 149 miles from Kansas City, see Memorandum In Support (Doc. #107-1) at 2—the Court should give her choice of forum less weight. The Court agrees and therefore gives plaintiff's choice of forum less than great deference.

## II. Convenience And Accessibility Of The Witnesses

Where enormous disparity of convenience exists between trial in Kansas City and trial in Wichita, and all parties, witnesses and sources of proof are located in Wichita, this Court has held that transfer is proper. See Semsroth v. City Of Wichita, KS, No. 06–2376–KHV, 2007 WL 2462178, at *2 (D. Kan. Aug. 29, 2007) (citing Benson v. Hawker Beechcraft Corp., No. 07–2171–JWL, 2007 WL 1834010, at *3 (D. Kan. June 26, 2007)). Plaintiff's forum is "substantially inconvenient" if "all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden." Callahan v. Bledsoe, No. 16-CV-2310-JAR-GLR, 2017 WL 1303269, at *3 (D. Kan. Apr. 6, 2017).

Defendants argue that the vast majority of witnesses and documents, including nursing home and medical records, are located in Salina. Defendants anticipate calling 14 witnesses at trial. Eleven of these witnesses reside in either Wakefield, Salina, Melvern, Newton or

McPherson, Kansas. Defendants also identify three witnesses who live outside of Kansas, including experts located in New Jersey, New York and Texas. These witnesses will need to travel regardless whether trial is held in Kansas City or Wichita, and travel to Kansas City is generally more convenient than travel to Wichita.

None of the identified witnesses live in Kansas City or Wichita. Nevertheless, defendants argue that Wichita is a more convenient location for trial because the in-state witnesses live closer to Wichita. Even so, "the [C]ourt has to find that Kansas City is substantially inconvenient, not just that Wichita is marginally more convenient." Benson, 2007 WL 1834010, at *3. Defendants have not shown substantial inconvenience if the trial is held in Kansas City. They have not demonstrated that (1) the parties lack access to any documents or witnesses there, (2) any witnesses refuse or lack the ability to attend trial in Kansas City or (3) travel to Kansas City poses a substantial burden for the witnesses. Based on these facts, the Court finds that this factor does not weigh heavily in support of changing the place of trial.

**III.     Fair Trial**

Defendants maintain that they will receive a fair trial in either location. Therefore, this factor receives no weight in the Court's decision.

**IV.     Other Considerations**

The Court may also consider "the cost of forcing medical practitioners to travel for trial testimony at the expense of time lost treating patients." Callahan, 2017 WL 1303269, at *3. Here, defendants argue that six witnesses (nurses and treating providers) would incur additional costs for trial testimony in Kansas City as opposed to Wichita because of the time lost treating patients. As stated above, however, none of these witnesses reside in Wichita and they would need to travel

regardless whether trial is in Wichita or Kansas City.  The time difference in travel to Kansas City as opposed to Wichita is too minimal to disrupt plaintiff's choice of forum.

Although defendants have set forth a reasonable argument for transfer, on this record the Court cannot conclude that the balance of factors strongly outweighs plaintiffs' choice of forum in Kansas City.[2]  Accordingly, the Court overrules defendants' motion.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Designate Wichita As Place Of Trial (Doc. #107) filed November 8, 2023 is **OVERRULED**.

Jury Trial remains set for January 8, 2024, at 09:00 A.M. in Kansas City Courtroom 440 (JWL/KHV) before District Judge Kathryn H. Vratil.

Dated this 1st day of December, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2]  Counsel for plaintiffs is located in Kansas City, Missouri, while defendants' counsel is located in Wichita.  The location of counsel receives little if any weight, however, in the Court's consideration of a motion to transfer.  See Aramburu, 896 F. Supp. at 1063.  The Court therefore does not rely on this information in reaching its decision.